OPINION
{¶ 1} On September 28, 2001, James Edward Tompkins was indicted on a single charge of possession of cocaine in violation of R.C. 2925.11. He entered a plea of "not guilty" at arraignment and counsel was appointed to represent him.
{¶ 2} Counsel for Mr. Tompkins pursued discovery and eventually filed a motion to suppress the key evidence which was expected to be used at trial. A hearing on the motion to suppress was conducted on March 21, 2002. On April 29, 2002, the trial court denied the motion. Mr. Tompkins then entered a plea of "no contest" to the charge.
{¶ 3} The trial court found Mr. Tompkins guilty and sentenced him the same day. Mr. Tompkins has now pursued a direct appeal, assigning a single error for our consideration:
{¶ 4} "The trial court erred in overruling Appellant's motion to suppress evidence obtained in violation of Appellant's rights under theFourth and Fourteenth Amendments to the United States Constitution and Article I, Section 14 of the Ohio Constitution."
{¶ 5} Two witnesses testified at the hearing on the motion to suppress. The first witness was Officer Richard Griggs of the Columbus Division of Police. The second witness was James Edward Tompkins.
{¶ 6} Officer Griggs testified that on April 11, 2001, he was on duty in a cruiser district which was bordered by Interstate 70, Sullivant Avenue, West Broad Street and Highland Avenue in the city of Columbus. Officer Griggs encountered Mr. Tompkins near 2003 West Broad Street and engaged him in conversation.
{¶ 7} After some initial, casual comments, Officer Griggs asked Mr. Tompkins if Mr. Tompkins had anything in his pockets he should not have. Mr. Tompkins said he did not have anything.
{¶ 8} Officer Griggs then asked permission to search Mr. Tompkins's pockets and Mr. Tompkins responded, "Why?"
{¶ 9} Officer Griggs then asked permission a second time. Mr. Tompkins responded that if he said "no," Officer Griggs would just find a way to search anyway.
{¶ 10} Officer Griggs asked a third time and claimed to have received the response "yes" from Mr. Tompkins. Upon searching Mr. Tompkins's pants, Officer Griggs found a pipe used for smoking crack cocaine and some crack cocaine. A second pipe was found in Mr. Tompkin's coat.
{¶ 11} Officer Griggs testified that the building at 2003 West Broad Street was known to him for being raided repeatedly for drugs and had been the scene of several arrests for narcotics offenses.
{¶ 12} James Tompkins testified on his own behalf. He stated that he was walking from the apartments at 2003 West Broad Street and had proceeded approximately ten yards when police pulled up beside him in a cruiser and stopped. One officer in the cruiser asked, "What is up?"
{¶ 13} The officer talking to Mr. Tompkins asked Mr. Tompkins what his name was and then immediately asked about checking out Mr. Tompkins's pockets.
{¶ 14} Mr. Tompkins asked why the officer wanted to check his pockets and the officer kept asking for permission to search. Mr. Tompkins recalled the conversation as going back and forth this way for at least three or four minutes.
{¶ 15} Mr. Tompkins stated that the officer eventually got out of his cruiser and continued to ask to search. Mr. Tompkins recalled the officer as beginning to get upset. As a result, Mr. Tompkins testified that he felt he no longer had a choice but to consent. He also testified that he did not feel free to leave at that time.
{¶ 16} The trial judge, in denying the motion to suppress, relied upon Florida v. Royer (1983), 460 U.S. 491; and Florida v. Bostick (1991), 501 U.S. 429, to find that Mr. Tompkins was not restrained of his liberty prior to giving consent. The trial judge then applied the "totality of the circumstances" test set forth in Schneckloth v. Bustamonte (1973), 412 U.S. 218, to find that Mr. Tompkins had voluntarily consented to the search.
{¶ 17} The trial court applied the correct case law and reached a decision that voluntary consent had been given. The trial court's decision is supported by the evidence in the record. We, therefore, affirm the trial court's ruling on the motion to suppress.
{¶ 18} The single assignment of error is overruled.
{¶ 19} The judgment of the trial court is therefore affirmed.
Judgment affirmed.
LAZARUS and BROWN, JJ., concur.